Troy A. Pickard, OSB #084440
troy@portlanddefender.com
(503) 592-0606
PORTLAND DEFENDER PC
3759 NE MLK Jr. Blvd
Portland, OR 97212

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RACHEL CENTARICZKI, individually and on behalf of all others similarly situated, | Case No. 3:24-CV-00127-AR |
| Plaintiff, | **PLAINTIFF'S MOTION TO LEAVE TO FILE AMENDED COMPLAINT** |
| vs. | |
| GLEIBERMAN PROPERTIES, INC., KEELER PINE RUSSELLVILLE LLC, CASTELLANO PINE RUSSELLVILLE LLC, J MELLANO PINE RUSSELLVILLE LLC, S&M MELLANO PINE RUSSELLVILLE LLC, MG RUSSELLVILLE COMMONS APARTMENTS HS LP, MG RUSSELLVILLE COMMONS APARTMENTS MS LP, MG RUSSELLVILLE COMMONS APARTMENTS 235 LLC, | |
| Defendants | |

Consistent with local rule 7-1, the parties have conferred via telephone on the issue(s) raised in this motion.

Under FRCP 15, Plaintiff moves this court for an order granting her leave to file a third amended complaint, a copy of which is attached to this motion as an exhibit. This is a putative class action matter. The proposed amendment would add a classwide claim for money damages, distinct from a claim for equitable or declaratory relief, based on the same underlying conduct

Page 1 - PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

that the earlier complaints alleged. The claim for money damages is one that Plaintiff's earlier complaints already attempted to set out. The amendment is necessary because of an argument Defendants recently advanced to Plaintiff that there was a deficiency in the initial class action notice letters that Plaintiff issued under Oregon Rule of Civil Procedure 32 H.

## LEGAL STANDARDS

FRCP 15 (a)(2) permits a party to amend a pleading with leave of the court. "The court should freely grant leave when justice so requires." The Ninth Circuit Court of Appeals has repeatedly stated that "this policy is to be applied with extreme liberality." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001); *Morongo Band of Mission Indians v. Rose*; 893 F.2d 1074, 1078 (9th Cir. 1990).

"Courts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Mattson v. Quicken Loans, Inc.*, 3:18-CV-00989-YY at p. 4 (D. Oregon, Oct 22, 2018), quoting *Sonoma County Asn' of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013).

## ARGUMENT

In early April 2025, Defendants' counsel first raised the issue of an alleged deficiency with the ORCP 32 H notices that Plaintiff had issued to Defendants in mid-2025, the alleged deficiency being that although Plaintiff had sent out ORCP 32 H notices to all Defendants, the notices had not yet been sent to all of the appropriate addresses. Within a week of the issue being raised, in an effort to eliminate any doubt as to the issue, Plaintiff's counsel issued new ORCP 32 H notices to the addresses at issue.

If Defendants' argument about the original ORCP 32 H notices is correct, then Plaintiff is only *now* entitled to proceed with a class claim for money damages, because ORCP 32 H limits

Page 2 - PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

plaintiffs from proceeding with classwide money damages claims until 30 days following compliance with ORCP 32 H's notice requirements.

Factors Regarding Leave to Amend

Here, there is no indication of undue delay – Plaintiff has acted promptly once the ORCP 32 H issue was raised by Defendant. There is no indication of bad faith or a dilatory motive by Plaintiff.

As to "repeated failure to cure deficiencies by amendments previously allowed," while it is true that Plaintiff has previously amended her complaint, April of this year was the first time that Defendants have attacked the ORCP 32 H issue, and this is Plaintiff's first opportunity to address those newly-alleged deficiencies. See *US v. United Healthcare*, 848 F.3d 1161, 1183 (9th Cir. 2016). The prior amendments did not substantively change Plaintiff's claims, they merely added a party, and later changed the spelling of a party's name.

Defendants will not be unduly prejudiced by allowing this amendment. In 2023, all defendants received an ORCP 32 H notice from Plaintiff via regular mail and certified mail return receipt requested, and have therefore been on notice of Plaintiff's intent to seek monetary relief in court for well over a year and, for some defendants, two years.

Finally, the proposed amendment would not be futile – along with the recent actions by Plaintiff in issuing new ORCP 32 H notices to a different address, the proposed amendment is precisely what is needed to solidly plead a classwide claim for money damages. "The test for futility is the same as the standard used for a motion to dismiss under Rule 12(b)(6)." *Mattson*, supra, at p. 4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Plaintiff's proposed third amended complaint satisfies this test and would survive such a motion to dismiss, and so would not be "futile."

Page 3 - PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Portland Defender PC
3759 NE MLK Jr. Blvd.
Portland, OR 97212
(503) 592-0606

## CONCLUSION

Of all the factors to consider when evaluating whether to grant leave to amend, "the consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Here, all of the factors, including the lack of prejudice to Defendants, weigh in favor of granting Plaintiff's motion. The court should allow Plaintiff leave to file her proposed third amended complaint.

Respectfully submitted,

Dated: **May 16, 2025**

By:  *s/ Troy Pickard*
Troy Pickard, OSB No. 084440
troy@portlanddefender.com
Attorney for Plaintiff